IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY TILLEY, JR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 22-cv-1010-DWD |
| ) | |
| TIFFANY CLARK, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Jimmy Tilley, Jr. is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Illinois River Correctional Center. He brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his 24-year sentence imposed in *State of Illinois v. Tilley*, Case No. 09-CF-39 (Eleventh Judicial Circuit, Livingston County, Illinois) (Doc. 1). The Petition is now before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner was found guilty at a bench trial for participating in the production of methamphetamine and sentenced to 24-years incarceration on December 29, 2009 (Doc. 1). In his Petition, Tilley argues that his trial and appeal counsels were ineffective in

1

violation of his Sixth Amendment right to counsel for failing to preserve evidence, failing to challenge the constitutionality of his sentence, failing to utilize affidavits and testimony concerning mitigating factors at sentencing, and failing to raise all of Petitioner's challenges resulting in findings of forfeiture on appeal. Petitioner states that he pursued a series of state court challenges to his conviction and sentence, and that the Illinois Supreme Court declined review of his petition for leave to appeal in September 2021. Petitioner asks that this Court vacate his state-court sentence and order a new trial. He also seeks the appointment of counsel.

Given the limited record, it is not plainly apparent that Petitioner is not entitled to habeas relief. Therefore, without commenting on the merits of Petitioner's claim, the Court concludes that the Petition survives preliminary review under Rule 4. Respondent Tiffany Clark, Warden of Illinois River Correctional Center, is **DIRECTED** to answer or otherwise respond to the petition (Doc. 1) on or before **July 11, 2022**. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Petitioner's request for counsel, however, is **DENIED, without prejudice**. There is no constitutional right to counsel in habeas corpus cases. *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to appoint counsel for a financially eligible habeas petitioner if an evidentiary hearing will be held. Based solely

2

on the petition, it does not appear that an evidentiary hearing is yet warranted in this case, thus Rule 8(c) does not compel the appointment of counsel.

In cases where no evidentiary hearing will be held, 28 U.S.C. § 2254(h) provides that the court may appoint counsel for an indigent habeas petitioner, and that the appointment of counsel in such a case is governed by 18 U.S.C. § 3006A. Neither statute creates a right to counsel; rather, they give the court broad discretion to appoint counsel for a petitioner seeking habeas relief if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). When ruling on a request to appoint counsel, a district court should consider five factors: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

Applying these factors here, the undersigned finds that appointment of counsel is not warranted at this time. Although the merits of Tilley's claims survived preliminary review, the other factors do not weigh in favor of appointing counsel. Specifically, the claims presented do not appear to involve investigation of facts at this time, rather, the record in this case will likely contain all the facts needed for resolution of the habeas claims. Further, Tilley's clear presentation of his arguments in his Petition indicate an understanding of the complexity of the issues he raises and show that he is capable of presenting his case at this stage. Accordingly, Petitioner's request for counsel (Doc. 1) is

**DENIED, without prejudice**. However, the Court will remain open to the appointment of counsel in the future.

Finally, Petitioner is **ADVISED** of his continuing obligation to keep the Clerk informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: June 10, 2022

_____
DAVID W. DUGAN
United States District Judge